| B. 104 (Rev 8/99) | **ADVERSARY PROCEEDING COVER SHEET** | Adversary Proceeding Number (For Court Use Only) |
| --- | --- | --- |

| Plaintiff(s) | Defendant(s) |
| --- | --- |
| Jeffrey M. Schultz<br>Heather C. Schultz<br>116 Bench Street<br>Bridgeport, OH 43912-1300 | Firstplus Bank<br>Firstplus Financial Inc.<br>United Mortgage & Loan Investment LLC |

| Attorney(s) (Firm name, Address and Telephone Number) | Attorney(s) (if known) |
| --- | --- |
| Thomas E. McIntire 2471<br>Thomas E. McIntire & Associates, L.C.<br>82 1/2 Fourteenth Street<br>Wheeling, WV 26003<br>304-232-8600<br>Fax: 304-232-5719 | Allen J. Reis, Esquire<br>175 South Third Street, Suite 900<br>Columbus, OH 43215 |

**Party** (Check one box only)    ☐ 1. U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☒ 3 U.S. NOT A PARTY

**Cause of Action** (Write a brief statement of cause of action, including all U.S. Statutes involved)

**Adversarial Proceeding for Violation of Section 524**

### Nature of Suit
(Check the most appropriate box only)

| | |
| --- | --- |
| ☐ 454 To recover money or property | ☐ 455 To revoke an order of confirmation of a Chpt. 11, Chpt. 12 or Chpt. 13 Plan |
| ☐ 435 To determine validity, priority, or extent of a lien or other interest in property | ☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523 |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief |
| ☐ 424 To object to or to revoke a discharge 11 U.S.C. § 727 | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a Plan |

| |
| --- |
| ☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action |
| ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☒ 498 Other (specify)<br>**Adversarial Proceeding for Violation of Section 524** |

| Origin Of Proceedings (Check one box only) | ☐ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another Bankruptcy Court | ☐ Check if this is a Class Action under F.R.C.P. 23 |
| --- | --- | --- | --- | --- | --- |

| Demand | Nearest Thousand | Other Relief Sought | ☐ Jury Demand |
| --- | --- | --- | --- |

### Bankruptcy Case In Which This Adversary Proceeding Arises

| Name of Debtor<br>Jeffrey M. Schultz<br>Heather C. Schultz | Bankruptcy Case No.<br>99-51428 |
| --- | --- |
| District in Which Case is Pending<br><br>**Northern District of West Virginia** | Divisional Office | Name of Judge<br><br>**L. Edward Friend II** |

### Related Adversary Proceeding (if any)

| Plaintiff | Defendant | Adversary Proceeding No. |
| --- | --- | --- |
| District | Divisional Office | Name of Judge |

**Filing Fee** (Check one Box Only)    ☐ Fee Attached    ☒ Fee Not Required    ☐ Fee is Deferred

| Date<br>September 13, 2004 | Print Name<br>Thomas E. McIntire 2471 | Signature of Attorney (or Plaintiff) |
| --- | --- | --- |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | BK NO. 99-51428 |
| JEFFREY M. SCHULTZ | ) | |
| and HEATHER C. SCHULTZ | ) | |
| | ) | |
| Debtors. | ) | |

_____

| | |
|---|---|
| JEFFREY M. SCHULTZ and | |
| HEATHER C. SCHULTZ, | ) |
| now known as HEATHER C. BELLES, | ) |
| | ) |
| PLAINTIFFS/DEBTORS, | ) |
| | ) |
| V. | ) |
| | ) |
| FIRSTPLUS BANK, | ) |
| FIRSTPLUS FINANCIAL INC. and | ) |
| UNITED MORTGAGE & LOAN | ) |
| INVESTMENT LLC, (UMLCI VP LLC), | ) |
| | ) |
| DEFENDANTS. | ) |

A.P. No. 04-_____

## COMPLAINT

### I. INTRODUCTION

This Court has exclusive jurisdiction over this proceeding under 28 U.S.C. 1471. This is an adversary proceeding to treat the claim of Defendants, Firstplus Bank, Firstplus Financial Inc. and United Mortgage & Loan Investment LLC, known as UMLIC VP LLC, as wholly unsecured on Plaintiffs'/Debtors' second Mortgage. This is also an action for actual and statutory damages brought by Plaintiffs/Debtors, Jeffrey M. Schultz, and Heather C. Schultz, now known as Heather C. Belles, individual consumers, against Defendants, Firstplus Bank, Firstplus Financial Inc. and United Mortgage & Loan Investment LLC, known as UMLIC VP LLC, for attempting to collect on the discharged debt which constitutes willful violations of the discharge injunction of

1

11 U.S.C. § 524.

## II. JURISDICTION

Jurisdiction is conferred on this Court by 28 U.S.C. § 1134 in that this proceeding arises under title 11 of the United States Code, arises in and is related to the above-captioned Chapter 13 case under title 11.  This proceeding is a core proceeding.

## III. Parties

1.     Plaintiff/Debtor, Jeffrey M. Schultz, is a natural person and a resident of Belmont County, Ohio.

2.     Plaintiff/Debtor, Heather C. Schultz, now known as Heather C. Belles, is a natural person and a resident of Belmont County, Ohio.

3.     Defendant, Firstplus Bank, is a California Corporation, with its principal offices located at 1732 Reynolds Avenue, Irvine, California, and conducts business at that location.

4.     Defendant, Firstplus Financial Inc. is a Texas Corporation, with its principal offices located at 400 N. St. Paul St., Ste 600, Dallas, Texas, and conducts business at that location.

5.     Defendant, United Mortgage & Loan Investment LLC is a North Carolina Limited Liability Company, with its principal offices located at 6701 Carmel Road, Ste 400, Charlotte NC  28226, and conducts business at that location.

## IV. Factual Allegations

### COUNT I

6.     Plaintiffs/Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 9, 1999.

7.     Defendant, Firstplus Bank, was a creditor in this Chapter 13 case.

8.     The first Mortgage was held by WesBanco, pursuant to a Mortgage dated June 28, 1996, and recorded in the Office of the Recorder of Belmont County, Ohio in Mortgage Book Volume 657, at Page 467. **Exhibit "A".**

9.     Subsequently, Plaintiffs obtained a loan from Firstplus Bank, which was secured by a second Mortgage, dated March 10, 1998, and which was recorded in the aforesaid Recorder's office in Mortgage Book Volume 699, at Page 478. **Exhibit "B".**

10.     The fair market value of the home was less than the amount owed on the first Mortgage.

11.     Plaintiffs/Debtors listed the first Mortgage held by WesBanco on Schedule D of their Chapter 13 Petition with the amount of the claim listed as $37,614.12. **Exhibit "C".**

12.     Plaintiffs/Debtors listed the second Mortgage held by Firstplus Bank on Schedule D of their Chapter 13 Petition with the amount of the claim listed as $26,729.98. **Exhibit "C".**

13.     Subsequently, and unknown to Plaintiffs/Debtors, Firstplus Bank assigned said mortgage to Firstplus Financial, Inc.

14.     Subsequently, and unknown to Plaintiffs/Debtors, Firstplus Financial, Inc., assigned said mortgage to United Mortgage and Loan Investment, LLC, UMLIC VP LLC.

15.     Plaintiffs/Debtors aver that the fair market value of the home was no greater than the first mortgage because Plaintiffs/Debtors received a hardship discharge, WesBanco foreclosed on the first Mortgage and there were no funds for the benefit of Firstplus Bank, Firstplus Financial Inc. or United Mortgage & Loan Investment LLC, UMLIC VP LLC.

16.     Defendants were therefore wholly unsecured.

3

17.    Defendants either knew or reasonably should have known that the second Mortgage would be wholly unsecured at the time the second loan was extended to Plaintiffs/Debtors.

WHEREFORE, Plaintiffs/Debtors pray the Court determine and adjudge Defendants, Firstplus Bank, Firstplus Financial Inc. and United Mortgage & Loan Investment LLC., UMLIC VP LLC,  were wholly unsecured on the second Mortgage held on Plaintiffs'/Debtors' house and land; the claim of Defendants be treated as unsecured; and the Court by its order render the claim of Defendants has been satisfied.

## COUNT II

18.    Plaintiffs/Debtors filed their Chapter 13 bankruptcy petition on June 9, 1999.

19.    Firstplus Financial was listed on the Plaintiffs'/Debtors' Schedule A, as a secured creditor, which was filed with this Court on the aforesaid filing date.

20.    Plaintiffs'/Debtors' Counsel did not receive notification from The United State Bankruptcy Court that Firstplus Financial did not receive notice of Plaintiffs'/Debtors' bankruptcy.

21.    Plaintiffs/Debtors filed an Application for a Hardship Discharge on November 13, 2001.

22.    Plaintiffs/Debtors were granted a discharge pursuant to 11 U.S.C. §1328(b) by Order of the Court entered on December 12, 2001.

23.    Plaintiffs/Debtors surrendered the real estate encumbered by the lien of Firstplus Bank to the first mortgage holder, WesBanco Bank.

24.    The real estate was over-encumbered by the first mortgage; therefore, Firstplus Bank was wholly unsecured on its' second mortgage held on Plaintiffs'/Debtors' real estate, and therefore was an unsecured creditor.

25.    Firstplus Bank either knew or reasonably should have known that it would be wholly unsecured at the time it extended the second loan to Plaintiffs/Debtors.

26.    Defendant, United Mortgage & Loan Investment LLC, UMLIC VP LLC, continued thereafter to contact Plaintiffs/Debtors in an attempt to collect on the debt. Copies of said letters are attached hereto as **Exhibit "D"**.

27.    Plaintiff, Heather C. Belles, received correspondence from Weltman, Weinberg & Reis on June 22, 2004, and August 9 , 2004, attempting to collect on this debt. Copies of said letters are attached hereto as **Exhibit "E"**.

28.    Plaintiff/Debtor, Heather C. Belles, has received numerous telephone calls from Defendant, attempting to collect the discharged debt.

29.    Defendant, United Mortgage & Loan Investment LLC, UMLIC VP LLC's, attempts to collect on the discharged debt constitutes willful violations of the discharge injunction of 11 U.S.C. § 524.

30.    Defendant, United Mortgage & Loan Investment LLC, UMLIC VP LLC, filed a complaint with the Court of Common Pleas, Belmont County, St. Clairsville, Ohio, on August 12, 2004, captioned UMLIC VP LLC vs. Jeffrey M. Schultz, and Heather C. Schultz in an attempt to collect on the debt.  A copy of said Complaint is attached hereto as **Exhibit "F"**.

31.    By attempting to collect on this debt, Defendant, United Mortgage & Loan Investment LLC, UMLIC VP LLC, violated the discharge injunction of 11 U.S.C. § 524.

**WHEREFORE**, Plaintiffs/Debtors request that this Honorable Court:

1.    Take jurisdiction of this case;

2.    Enter judgment and grant relief declaring that Defendants, Firstplus Financial, and United Mortgage & Loan Investment LLC, UMLIC VP LLC, were wholly unsecured on the second mortgage held on Plaintiffs'/Debtors' real estate, and therefore were unsecured creditors.

3.    Enter judgment and grant relief declaring that Defendant, United Mortgage & Loan Investment LLC, UMLIC VP LLC, violated the discharge injunction of the United States Code 11 U.S.C. § 524, and is in contempt;

4.    Award Plaintiff/Debtor damages, attorney fees for contempt of court;

5.    Order such other relief as is just and proper.

Dated:  September 13, 2004

Respectfully submitted,

Thomas E. McIntire,
Attorney for Plaintiff/Debtor

THIS DOCUMENT PREPARED BY:

Thomas E. McIntire, Esquire
82 1/2 Fourteenth Street
Wheeling WV  26003
WV State Bar No. 2471

# EXHIBIT "A"

.

VOL **657** PAGE **467**

15394

PAID 30.00

[Space Above This Line For Recording Data]

## OPEN-END MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on ......June 28, 1996........ . The mortgagor is ........Jeffrey Schultz and Heather C. Schultz...................................................

("Borrower"). This Security Instrument is given to ....WesBanco Bank Wheeling.................
.......................................................... , which is organized and existing under the laws of ....State of
....West Virginia............................................................. , and whose address is
....1 Bank Plaza, Wheeling, WV 26003.............................................................
("Lender"). Borrower owes Lender the principal sum of ....Forty Thousand Five Hundred Dollars
.................................................... Dollars (U.S. $....40,500.00....). This
debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on .................................... This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in ....Belmont.................................................................. County, Ohio:

Tract One and tract Two being in the Hamlet of Acer, now known as Brookside and known as being Lot Numbers Fifty-Nine (59), Sixty (60), and Sixty-One (61) and the same is designated on the Plat of the said Hamlet of Acer, now known as Brookside, which Plat is recorded in Volume 2, page 78 of the Records of Plats, Belmont County, Ohio.

Being the same property conveyed to Bruce Paul Nagy, Sr. and Vernie M. Nagy, husband and wife, by Eunice R. Benline, widow and unremarried; Harold W. Benline, Sr. and Eva Marie Benline, husband and wife, Linda S. Sheperd and James G. Sheperd, husband and wife, by deed dated October 6, 1995 and of record in the Office of the Recorder of Belmont County, Ohio in Deed Book No. 713, at page 196.

which has the address of ........116 West Bench Street, Bridgeport,.......................
                                                    [Street]                                    [City]

Ohio ....43912.... ("Property Address");
        [Zip Code]

OHIO—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3036 9/90 (page 1 of 6 pages)

Bankers Systems, Inc., St. Cloud, MN (1-800-397-2341) Form MD-1-OH 11/17/92

# EXHIBIT "B"

Please Return To:
FIRSTPLUS BANK
C/O FIRSTPLUS FINANCIAL, INC.
1600 Viceroy
Dallas, TX 75235

Instrument
9800003862

VOL 699 PAGE 478

## MORTGAGE

Loan No.: 3001142505

THIS MORTGAGE is made this   10th   day of   March   , 1998 , between the Mortgagor,
JEFFREY M. SCHULTZ and HEATHER C. SCHULTZ, HUSBAND AND WIFE

(herein "Borrower"), whose current

mailing address is  116 WEST BENCH STREET, BRIDGEPORT, OH 43912

and the Mortgagee,

FIRSTPLUS BANK, a California corporation

, a corporation organized and

existing under the laws of   CALIFORNIA   , whose address is
18302 IRVINE BLVD. #300, Tustin, CA 92780

(herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $   26,930.57   , which
indebtedness is evidenced by Borrower's note dated   March 10, 1998   and extensions and renewals
thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not
sooner paid, due and payable on   March 16, 2023   .

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with the interest thereon; the payment
of all other sums, with the interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the
performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey
to Lender the following described property located in the County of   BELMONT
State of Ohio:

SITUATED IN THE COUNTY OF BELMONT, STATE OF OHIO, AND TOWNSHIP OF PEASE, TRACT
ONE AND TRACT TWO BEING IN THE HAMLET OF ACER, NOW KNOWN AS BROOKSIDE AND KNOWN
AS AND BEING LOT NUMBERS FIFTY-NINE (59), SIXTY (60), AND SIXTY-ONE (61) AS THE
SAME IS DESIGNATED ON THE PLAT OF SAID HAMLET OF ACER, NOW KNOWN AS BROOKSIDE,
WHICH PLAT IS RECORDED IN VOLUME 2, PAGE 78 OF THE RECORDS OF PLATS, BELMONT
COUNTY, OHIO.

which has the address of   116 WEST BENCH STREET   ,   BRIDGEPORT   ,
                                          [Street]                                    [City]

Ohio       43912       (herein "Property Address");
            (ZIP Code)

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances
and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the
foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as
the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and
convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of
record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness
evidenced by the Note and late charges as provided in the Note.
2. Funds for Taxes and Insurance. Subject to applicable law or a written waiver by Lender, Borrower shall pay to
Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum
(herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit
development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus
one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage
insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and
reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that
Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

OHIO - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

Form 3836
Amended 4/97

-76(OH) (9704)
Page 1 of 4
VMP MORTGAGE FORMS - (800)521-7291

# EXHIBIT "C"

In re    **Jeffrey M. Schultz,**
**Heather C. Schultz,**

Case No. _____**99-51428**_____

Debtors

# SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **3001142505**<br><br>**First Plus**<br>PO Box 36668<br>Dallas, TX 75235-1668 | | J | **Second Mortgage**<br><br>**116 Bench Street, Bridgeport, OH**<br><br><br>Value $            53,000.00 | | | | 26,729.98 | 11,344.10 |
| Account No. **00101006249514**<br><br>**Key Bank USA**<br>PO Box 94827<br>Cleveland, OH 44101-4827 | | J | **Purchase Money Security**<br><br>**1997 GMC**<br><br><br>Value $            17,230.00 | | | | 18,622.87 | 1,392.87 |
| Account No. **110023808**<br><br>**WesBanco**<br>1 Bank Plaza<br>Wheeling, WV 26003 | | J | **First Mortgage**<br><br>**116 Bench Street, Bridgeport, OH**<br><br><br>Value $            53,000.00 | | | | 37,614.12 | 0.00 |
| Account No. **110023808**<br><br>**WesBanco**<br>1 Bank Plaza<br>Wheeling, WV 26003 | | J | **First Mortgage**<br><br>**182 114 Bench Street, Bridgeport, OH**<br><br><br>Value $            2,000.00 | | | | 2,207.35 | 207.35 |

___**0**___  continuation sheets attached

Subtotal
(Total of this page)        85,174.32

Total
(Report on Summary of Schedules)        85,174.32

Copyright (c) 1996-2004 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

EXHIBIT "D"

# United Mortgage & Loan Investment, LLC

January 12, 2004

HEATHER SCHULTZ
47 OAK ST
BRIDGEPORT ,OH 43912

**RE: Account #30258670**

UMLIC VP LLC

Dear HEATHER SCHULTZ:

Enclosed, please find a workout questionnaire to be completed and sent back to United Mortgage as promptly as possible. Please be thorough, as this information will help us assess any offer you may make to resolve your account.

Per our discussion, ***please include copies of your last two (2) years Federal Tax returns to complete the package.***

If you have any questions, feel free to contact me at 1-800-333-5283.

Sincerely,

Douglas Stitt
Asset Manager
cc:File

Enclosure

P.O. Box 471827 • Charlotte, North Carolina 28247-1827 • Telephone (800) 333-5283 • Fax (704) 543-3860
North Carolina Department of Insurance Permit Number 3373

THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION RECEIVED FROM ANY SOURCE, INCLUDING YOURSELF, WILL BE USED FOR THAT PURPOSE.

# UNITED MORTGAGE
## MORTGAGE SETTLEMENT/WORKOUT APPLICATION
### PLEASE REMIT TO UNITED MORTGAGE, P.O. BOX 47182, CHARLOTTE, NC 28247

UMLIC ACCT#: <u>30258670</u>
ACCT NAME: <u>HEATHER SCHULTZ</u>
PROPERTY ADDRESS: <u>UNSECURED  UNSECURED, OH</u>

| \*\* PLEASE CHECK WHICH TYPE OF SETTLEMENT/WORKOUT YOU ARE INTERESTED IN: | | |
|---|---|---|
| ☐ Discounted Payoff | ☒ Special Payment Plan | ☐ Deed-in-Lieu of Foreclosure |
| ☐ Other (describe): | | |

| MAILING/PHONE INFORMATION | |
|---|---|
| Mailing Address:  47 OAK ST, BRIDGEPORT, OH  43912 | |
| Home Phone:   ( | Best Time To Call: |

| CO-BORROWER/ALTERNATE CONTACT | |
|---|---|
| Name: | Relation: |
| Address: | Phone: |

| MARITAL STATUS | | |
|---|---|---|
| Marital Status: | # of Dependents: | Ages: |
| \*\* If Divorced/Separated & Your Spouse Co-signed the Note & Mortgage, Complete Below: | | |
| Ex-Spouse Name: | | Home Phone: |
| Address: | | |
| Work Phone: | Date Separated: | Date Divorced: |
| Monthly Alimony: | Child Support: | Pay/Receive Support |

| GENERAL INFORMATION | | |
|---|---|---|
| | Applicant | Co-Applicant |
| Name | JEFFREY M SCHULTZ | HEATHER C SCHULTZ |
| Date of Birth | | |
| Social Security # | 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 | 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 |
| Employer | | |
| Type Business | | |
| City, State | | |
| Work Phone | | |
| Title/Position | | |
| # Years Employed | | |
| Monthly Base Pay | | |
| Monthly Comm/Bonus | | |
| Monthly Gross Pay | | |
| How Often Paid | | |
| Monthly Other Income | | |
| Source Other Income | | |
| Monthly Net Pay | | |

# ASSETS & LIABILITIES

| Description | Market or Cash Value | Amount Owed | Monthly Payment | # of Payments Remaining | Comments |
|---|---|---|---|---|---|
| Checking Accounts | | XXXXXXXXX | XXXXXXXXX | XXXXXXXXX | |
| Savings Accounts | | XXXXXXXXX | XXXXXXXXX | XXXXXXXXX | |
| IRA Accounts | | XXXXXXXXX | XXXXXXXXX | XXXXXXXXX | |
| Other Retirement Funds | | | XXXXXXXXX | XXXXXXXXX | |
| Cash Value of Life Ins. | | | XXXXXXXXX | XXXXXXXXX | |
| Stocks & Bonds | | | XXXXXXXXX | XXXXXXXXX | |
| Automobiles | | | | | |
| Furniture & Personals | | | | | |
| Other Assets | | | | | |
| | | | | | |
| Personal Residence | | | | | |
| Other Real Estate Owned | | | | | |
| Credit Cards | XXXXXXXXX | | | | |
| Unpaid Federal/State Tax | XXXXXXXXX | | | | |
| Other Mortgages (describe) | XXXXXXXXX | | | | |

Other Mortgages/Assets Description: _____

_____

| MONTHLY LIVING EXPENSES | | | |
|---|---|---|---|
| Food: | School: | Utilities: | Entertainment: |
| Clothes: | Medical: | Insurance: | Other (describe): |
| TOTAL MONTHLY LIVING EXPENSES: | | | |

Other Living Expenses/Comments: _____

_____

### *(THE ABOVE INFORMATION IS VOLUNTARY AND SUBJECT TO VERIFICATION)*

Applicant Signature: _____    Date: _____

Co-Applicant Signature: _____    Date: _____

EXHIBIT "E"

.

# WELTMAN, WEINBERG & REIS CO., L.P.A.

ATTORNEYS AT LAW

**175 South Third Street, Suite 900**
**Columbus, Ohio 43215**
**614.801.2600**
**www.weltman.com**

BURLINGTON, NJ
609.914.0437

CINCINNATI, OH
513.723.2200

CLEVELAND, OH
216.685.1000

DETROIT, MI
248.362.6100

PHILADELPHIA, PA
215.599.1500

PITTSBURGH, PA
412.434.7955

Direct Dial: 614.801.2773
Fax: 614.801.2604

June 22, 2004

Jeffrey J. Schultz
720 High Street
Bridgeport, OH 43912

Heather C. Schultz
47 Oak Street
Bridgeport, OH 43912

RE:  UMLIC VP LLC successor in interest to Firstplus Bank
    Our file no. 3745818
    Acct no. 30258670
    Balance due: $26,263.37 plus interest and fees through May 26, 2004 of $10,523.83 for a total
    due of $36,787.20 plus interest thereafter at the rate of 12.25% per annum

Dear Mr. Schultz and Ms. Schultz:

The undersigned represents UMLIC VP LLC as it pertains to the balance due under the terms of the Note
which my client now holds. A copy of the Note is attached for your review. You are in default of your
obligation to my client, and demand is hereby made for you to pay the balance due and owing as noted
above.

Your continued failure to satisfy your obligation will result in additional action on behalf of our client.

This law firm is a debt collector attempting to collect this debt for our client and any information obtained
will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within thirty
(30) days of receipt of this letter, we will assume that the debt is valid. If you notify us in writing within the
thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt
and mail you a copy. If you request in writing within the thirty (30) day period, we will provide you with the
name and address of the original creditor if different from the current creditor.

In view of the serious consequences of your failure to respond, take this opportunity to forward the balance
due to this office.

Very truly yours,

Allen J. Reis

AJR/pjp
cc: client
Enclosure

Loan No.: 3001142505

# NOTE

March 10, 1998
[Date]                                              [City]                              [State]

116 WEST BENCH STREET, BRIDGEPORT, OH 43912
[Property Address]

## 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $   26,930.57   (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is   FIRSTPLUS BANK, a California corporation

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST
Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of   12.250   %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS
(A) Time and Place of Payments
I will pay principal and interest by making payments every month.
I will make my monthly payments on the   16th   day of each month beginning on   April 16
1998   . I will make these payments every month until I have paid all the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on   March 16, 2023   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at   FIRSTPLUS BANK
18302 IRVINE BLVD. #300, Tustin, CA 92780   or at a different place if required by the Note Holder.
(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $   288.63   .

## 4. BORROWER'S RIGHT TO PREPAY
I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.
If I make a full prepayment within three years of the date of my loan, I agree to pay the Note Holder a prepayment fee. The prepayment fee I will pay shall be in an amount equal to one percent (1%) of the unpaid principal balance at the time of the prepayment. I will not be obligated to pay a prepayment fee if I make a full prepayment at any time after the third anniversary of the date of my loan. In no event will such charge be made if it violates state or federal law.

## 5. LOAN CHARGES
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected

Initials:

OHIO FIXED RATE NOTE - Single Family -
With Prepayment Penalty (Second Lien)                              Page 1 of 3                              OHPPN1  01/97

from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of    15    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    5.000    % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. APPLICABLE LAW

This Note shall be governed by the laws of the State of Ohio. If a law, which applies to this loan and sets maximum loan charges is finally interpreted so that the interest and other charges collected or to be collected in connection with this loan exceed the permitted limits, then: (A) any such interest or other charge shall be reduced by the amount necessary to reduce the interest or other charge to the permitted limit; and (B) any sums already collected from me which exceed permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment, but in no event will a prepayment charge be assessed if the Note Holder chooses to reduce my principal balance by applying such excess amounts.

Initials: _____ _____

OHIO FIXED RATE NOTE - Single Family -
With Prepayment Penalty (Second Lien)

Page 2 of 3

OHPPN2  91/97

Loan No. : 3001      95

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person), without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
JEFFREY M. SCHULTZ                Borrower

_____ (Seal)
HEATHER C. SCHULTZ                Borrower

_____ (Seal)
                                  Borrower

_____ (Seal)
                                  Borrower

[Sign Original Only]

OHIO FIXED RATE NOTE - Single Family -
With Prepayment Penalty (Second Lien)

Page 3 of 3

OHPPN3  01/97

Loan Number: 3001142505

# ASSIGNMENT OF NOTE

### WITHOUT RECOURSE

For valuable consideration, receipt of which is hereby acknowledged, the undersigned hereby sells, transfers, endorses, assigns and delivers to:

FIRSTPLUS FINANCIAL, INC.

title, and interest in and to the attached promissory note dated 03/10/98 all of his rights, in the face amount of   $26,930.57

The borrower in said promissory note are:

JEFFREY M. SCHULTZ AND HEATHER C. SCHULTZ

Said promissory note is secured by a deed of trust of the same date on real property located at:

116 WEST BENCH STREET
BRIDGEPORT, OH. 43912

FIRSTPLUS BANK (Beneficiary)   transfers all rights accrued or to accrue under said note and securing deed of trust in which the undersigned is the Beneficiary and borrowers are trustors.

FIRSTPLUS BANK

Dated:  April 7, 1998

By: _____

M. W. McGUIRE
PRESIDENT

# ALLONGE

### PAY TO THE ORDER OF
### UMLIC VP LLC
### WITHOUT RECOURSE

### FIRSTPLUS FINANCIAL, INC.

BY: _Heidi Smalley_
Name:  Heidi Smalley
Title:   Assistant Secretary


Acct. #:
Name:          Jeffrey M Schultz
                    Heather C Schultz
Amount:     $26,930.57
Dated:        March 10, 1998

302586770

# WELTMAN, WEINBERG & REIS CO., L.P.A.

ATTORNEYS AT LAW
175 South Third Street, Suite 900
Columbus, Ohio 43215
614.801.2600
www.weltman.com

BURLINGTON, NJ
609.914.0437

CINCINNATI, OH
513.723.2200

CLEVELAND, OH
216.685.1000

DETROIT, MI
248.362.6100

PHILADELPHIA, PA
215.599.1500

PITTSBURGH, PA
412.434.7955

Direct Dial: 614.801.2773
Fax: 614.801.2604

August 9, 2004

Heather C. Schultz
aka Heather C. Belles
47 Oak Street
Bridgeport, OH 43912

Re:     UMLCl VP LLC
        Account No: 30258670
        Balance Due: $36,787.20 plus interest at the rate of 12.25% per annum from May 27, 2004 and costs.
        WWR# 3745818

Dear Ms. Belles:

A lawsuit is being filed against you in the above-captioned matter. If you wish to resolve this matter without the necessity of a contested lawsuit and possible post-judgment legal proceedings, you may make arrangements for liquidation of the balance due and owing by contacting the undersigned to make amicable arrangements for payment of this claim.

In the event a judgment is rendered against you, the following post-judgment proceedings among others may be instituted:

1.      A garnishment can be filed on your non-exempt wages.

2.      Your non-exempt personal property is subject to execution by the bailiff or sheriff of the court.

3       A judgment lien can be filed against all real property owned by you in the State of Ohio.

You should be receiving the summons and complaint from the court in the near future. Those documents will advise you of the action necessary to respond to the lawsuit. If you wish to contest the lawsuit, you must follow the instructions on the summons. The mailing of a notice to this law firm will not terminate the legal action which is being filed at this time.

This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose.

Very truly yours,

Allen J. Reis

AJR/pjp

# EXHIBIT "F"

Court of Common Pleas, Belmont County, St. Clairsville, Ohio

# SUMMONS ON COMPLAINT

**UMLIC VP LLC PO Box 471827 CHARLOTTE NC 28217**

**Plaintiff**

**Judge John M Solovan II**
**Case No.: 04 CV 0286**

Vs.

**Jeffrey M Schultz 66142 McGregor Hill Rd Puliney OH 43906**
**Heather C Schultz 47 Oak St Bridgeport OH 43912**

**Defendant**

## TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned that a Complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this Court by the Plaintiff named herein.

You are required to serve upon the Plaintiff's attorney or upon the Plaintiff if they have no attorney of record, a copy of your Answer to the Complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said Answer must be filed with this Court within 3 days after served on Plaintiff's attorney.

The name and address of the Plaintiff's Attorney is as follows:

Alan J Reis
175 South Third Street
Columbus, OH   43215

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the Complaint.

RANDY L. MARPLE, CLERK

Dated:  August 13, 2004

By: _____
Kim ShumakerDeputy Clerk

FILED
COMMON PLEAS COURT
BELMONT CO. OHIO

'04 AUG 12  AM 11 41

RANDY L. MANELL
CLERK OF COURT

IN THE BELMONT COUNTY COMMON PLEAS COURT
CIVIL DIVISION

| | | |
|---|---|---|
| UMLIC VP LLC<br>PO Box 471827<br>Charlotte, NC  28217, | * | Case No. ___04 CV 394___ |
| | * | |
| Plaintiff, | * | |
| vs. | * | **COMPLAINT** |
| | * | |
| Jeffrey M. Schultz<br>66142 McGregor Hill Rd.<br>Pultney, OH  43906, and | * | |
| | * | |
| Heather C. Schultz aka Heather C. Belles | * | |
| 47 Oak St.<br>Bridgeport, OH  43912, | * | |
| | * | |
| Defendants. | * | |

1.     The Plaintiff is the holder of a Promissory Note executed by the Defendants Jeffrey M. Schultz and Heather C. Schultz aka Heather C. Belles on March 10, 1998.  A copy of the Note is attached hereto as Exhibit "A".

2.     The amount due and owing on the Note by the Defendants is $26,263.37 together with accrued interest and fees in the amount of $10,523.83 through May 26, 2004, plus interest thereafter on the principal balance at the contract rate of 12.25% per annum.

3.     Although Plaintiff has made demand upon the Defendants to liquidate the balance due and owing, the Defendants have failed to do so.

*WHEREFORE*, the Plaintiff demands judgment against the Defendants Jeffrey M. Schultz and Heather C. Schultz aka Heather C. Belles in the principal sum of $26,263.37

ZLTMAN, WEINBERG & REIS
Co., L.P.A.
SOUTH THIRD STREET, SUITE 900
COLUMBUS, OHIO 43215-5177

(614) 228-7272
FAX (614) 222-2181
FAX (614) 222-2193
FAX (614) 222-2166
FAX (614) 233-6827

together with accrued interest and fees in the amount of $10,523.83 through May 26, 2004, plus

interest thereafter on the principal balance at the contract rate of 12.25% per annum and costs.

> Respectfully Submitted,
> **Weltman, Weinberg & Reis, Co., L.P.A.**
>
> _____
> Allen J. Reis  0015125
> Attorney for Plaintiff
> 175 South Third Street, Suite 900
> Columbus, Ohio  43215
> 614-801-2773
> 614-801-2604 (fax)
> colatty@weltman.com
> WWR# 3745818

This law firm is a debt collector attempting to collect this debt for our client and any
information obtained will be used for that purpose.

ELTMAN, WEINBERG & REIS
—— Co., L.P.A. ——
'5 SOUTH THIRD STREET, SUITE 900
COLUMBUS, OHIO 43215-5177

(614) 228-7272
FAX (614) 233-2181
FAX (614) 233-2193
FAX (614) 222-2166
FAX (614) 233-6827

STATE OF OHIO
BELMONT COUNTY

RANDY L. MARPLE, CLERK OF COURTS, DO
HEREBY CERTIFY THAT THE ABOVE IS A TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN THIS OFFICE.

RANDY L. MARPLE, CLERK OF COURTS
BY _____ DEPUTY

## NOTE

March 10, 1998
[Date]                                [City]                        [State]

116 WEST BENCH STREET, BRIDGEPORT, OH 43912
[Property Address]

### 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $   26,930.57        (this amount is called
"principal"), plus interest, to the order of the Lender. The Lender is   FIRSTPLUS BANK, a California corporation

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled
to receive payments under this Note is called the "Note Holder."

### 2. INTEREST
Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly
rate of      12.250    %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section
6(B) of this Note.

### 3. PAYMENTS
(A) Time and Place of Payments
I will pay principal and interest by making payments every month.
I will make my monthly payments on the      16th     day of each month beginning on     April 16
1998        . I will make these payments every month until I have paid all the principal and interest and any other
charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If,
on       March 16, 2023         , I still owe amounts under this Note, I will pay those amounts in full on that date,
which is called the "Maturity Date."
I will make my monthly payments at     FIRSTPLUS BANK
18302 IRVINE BLVD. #300, Tustin, CA 92780               or at a different place if required by the Note Holder.
(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $   288.63

### 4. BORROWER'S RIGHT TO PREPAY
I have the right to make payments of principal at any time before they are due. A payment of principal only is known
as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so. The Note Holder will
use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there
will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those
changes.
If I make a full prepayment within three years of the date of my loan, I agree to pay the Note Holder a prepayment fee.
The prepayment fee I will pay shall be in an amount equal to one percent (1%) of the unpaid principal balance at the time of
the prepayment.  I will not be obligated to pay a prepayment fee if I make a full prepayment at any time after the third
anniversary of the date of my loan. In no event will such charge be made if it violates state or federal law.

### 5. LOAN CHARGES
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or
other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan
charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected

Initials: _____ _____

OHIO FIXED RATE NOTE - Single Family                    Page 1 of 3                        OHPPN1 01/97
With Prepayment Penalty (Second Lien)

EXHIBIT A

Loan No.: 3901   '05

from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

    (A) Late Charge for Overdue Payments

    If the Note Holder has not received the full amount of any monthly payment by the end of    15    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    5.000    % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

    (B) Default

    If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

    (C) Notice of Default

    If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

    (D) No Waiver By Note Holder

    Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

    (E) Payment of Note Holder's Costs and Expenses

    If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

    Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

    Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

    If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

    I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. APPLICABLE LAW**

    This Note shall be governed by the laws of the State of Ohio. If a law, which applies to this loan and sets maximum loan charges is finally interpreted so that the interest and other charges collected or to be collected in connection with this loan exceed the permitted limits, then: (A) any such interest or other charge shall be reduced by the amount necessary to reduce the interest or other charge to the permitted limit; and (B) any sums already collected from me which exceed permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment, but in no event will a prepayment charge be assessed if the Note Holder chooses to reduce my principal balance by applying such excess amounts.

Initials: _GMS__ _HCB_

OHIO FIXED RATE NOTE - Single Family
With Prepayment Penalty (Second Lien)

Page 2 of 3

OHPPN2 01/97

Loan No.: 3001    .05

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person), without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
JEFFREY M. SCHULTZ                Borrower

_____ (Seal)
HEATHER C. SCHULTZ               Borrower

_____ (Seal)
                                  Borrower

_____ (Seal)
                                  Borrower

*[Sign Original Only]*

OHIO FIXED RATE NOTE - Single Family -
With Prepayment Penalty (Second Lien)

Page 3 of 3

OHPPN3  01/97

Loan Number: 3001142505

## ASSIGNMENT OF NOTE
### WITHOUT RECOURSE

For valuable consideration, receipt of which is hereby acknowledged, the undersigned hereby sells, transfers, endorses, assigns and delivers to:

FIRSTPLUS FINANCIAL, INC.

title, and interest in and to the attached promissory note dated 03/10/98 all of his rights, in the face amount of  $26,930.57

The borrower in said promissory note are:

JEFFREY M. SCHULTZ AND HEATHER C. SCHULTZ

Said promissory note is secured by a deed of trust of the same date on real property located at:

116 WEST BENCH STREET
BRIDGEPORT, OH. 43912

FIRSTPLUS BANK (Beneficiary)   transfers all rights accrued or to accrue under said note and securing deed of trust in which the undersigned is the Beneficiary and borrowers are trustors.

Dated:  April 7, 1998

FIRSTPLUS BANK

By: _____

M. W. McGUIRE
PRESIDENT

FIRSTPLUS BANK
INCORPORATED
JULY 1, 1980
CALIFORNIA

# ALLONGE

## PAY TO THE ORDER OF
## UMLIC VP LLC
## WITHOUT RECOURSE

### FIRSTPLUS FINANCIAL, INC.

BY: _Heidi Smalley_

Name:  Heidi Smalley
Title:   Assistant Secretary

Acct. #:
Name:        Jeffrey M Schultz
             Heather C Schultz
Amount:      $26,930.57
Dated:       March 10, 1998

30258670